In the Matter of CARL MORRIS FIELD, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, August 10, 1978

### APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* of counsel *(Michael Alan Schwartz* with him on the brief), for petitioner.

*Arthur N. Field* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner moves to confirm the Referee's report with respect to a charge of professional misconduct after respondent had been convicted on a guilty plea in the Criminal Court of

the City of New York on charges of presenting a false insurance claim in violation of section 175.50 of the Penal Law, a class A misdemeanor.

Respondent's father-in-law had purchased a boat at a cost of $5,000 as a 25th wedding anniversary gift for respondent and his wife. Respondent admits that he neglected or failed to apply for insurance on the boat and claims that, after completing the necessary forms, he forgot to mail them to the insurance company. It appears that during the period when the application remained in respondent's desk the boat was stolen. Thereafter, respondent procured insurance on the boat and, after receipt of the policy, filed a false claim with the carrier to the effect that the boat had been stolen subsequent to the effective date of the insurance. Respondent alleges that he "could not admit to" his wife that he had failed to procure the necessary insurance prior to the loss. She had assumed that the application had been mailed to the insurance company and that the boat had been insured.

Respondent, who is 47 years of age, had been in practice for 21 years. He had served in the past as a Special Assistant District Attorney in Kings County and as an examining attorney with the Department of Investigations. He also taught business law at the New York Institute of Technology. He admits the allegations in this proceeding and requests that this court take into consideration the mitigating factors offered in determining the appropriate sanction to be imposed. Respondent points to the fact that this was his only impropriety in over 20 years of practice and places primary reliance upon his background and reputation in the profession prior to the commission of this crime, as acknowledged by five character witnesses, including three Justices of the Supreme Court.

All of the character witnesses found it hard to believe that respondent committed the crime he admitted to. They maintained that he was still a person of good character.

The Referee, upon review of the evidence, found the respondent's commission of the crime to involve "an act of moral turpitude" and found "no legal excuse or justification." Respondent's background and prior untarnished record are the sole mitigating factors. What respondent did, aside from its criminal implications, was patently foolish. It had no apparent rational basis. It is inconceivable that he could have believed his fraudulent act would go undetected. Essentially what is involved is a single act of aberrant behavior. Under the

circumstances, in determining the appropriate measure of discipline to be imposed, we have taken into consideration respondent's previously unblemished professional record. Accordingly, we find that respondent should be suspended from the practice of law for a period of one year.

KUPFERMAN, J. P., BIRNS, EVANS, FEIN and SANDLER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of one year, effective September 11, 1978.