In the Matter of MARTIN ROCHLIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 26, 1983

APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Martin Rochlin,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

The Departmental Disciplinary Committee brings this proceeding to confirm a hearing panel's findings of fact and conclusions of law.

Respondent Martin Rochlin was admitted to practice as an attorney and counselor at law in the First Judicial Department on December 12, 1958. Thereafter, he maintained an office for the practice of law in the First Judicial Department. Prior to the present proceeding, respondent had an unblemished record.

The respondent does not oppose the hearing panel's findings of fact and conclusions of law. In those findings of fact, the hearing panel states that respondent's present difficulties arose when a depressed patient was referred to

him by a psychiatrist, a personal friend. The patient (hereinafter client) wished to bring a claim against her father's estate. The psychiatrist believed that the client's claim was actually motivated by vengeance against the father's common-law wife to satiate certain imaginary wrongs. The psychiatrist believed that the client might receive some therapeutic value from a belief that a proceeding was commenced against the estate. However, the psychiatrist was fearful that any confrontation between the client and the common-law wife would be detrimental to the psychological and emotional health of the client.

In accordance with the psychiatrist's wishes, respondent misrepresented to his client the fact that he had brought an estate matter in Surrogate's Court, Queens County. This deception continued from June, 1979 until July, 1980. In August, 1980, the client learned that respondent had deceived her. At that point, and again upon the psychiatrist's advice, he changed the date of papers, previously signed by his client, from August, 1979 to August, 1980. He notarized her signature and falsely attested to the fact that the client had sworn to the papers in August of 1980. He then filed the papers with Surrogate's Court, Queens County.

The hearing panel concluded that the respondent was guilty of conduct involving dishonesty, fraud, deceit and misrepresentation in that, in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility, (i) he misrepresented the status of an estate matter of his client, (ii) he gave her a fraudulent document which he had prepared, and (iii) he thereafter filed in court an improperly notarized document. The hearing panel also found him guilty of intentionally failing to carry out a contract with his client to perform legal services in violation of DR 7-101 (A) (2).

The hearing panel, in recommending that respondent be censured, notes that he was co-operative with the Disciplinary Committee. As is evident from the findings of fact, respondent's difficulties were caused by his well-meaning but improper efforts to assist his client at the behest of her psychiatrist. This is a mitigating circumstance that has been duly considered by this court. Likewise, it should be stressed that respondent has returned a $500 fee together

with interest to the client. So, too, there is no indication in this record that the client's rights were in any way damaged or impaired by respondent's improprieties, his first disciplinary offenses. Finally, it must be emphasized that respondent was hospitalized on two occasions for depression arising from this occurrence.

After considering the extraordinary set of facts in this proceeding and all extenuating circumstances, this court agrees with the Disciplinary Committee that censure is the appropriate discipline. Therefore, the hearing panel's findings of fact and conclusions of law are confirmed and the respondent is censured.

MURPHY, P. J., KUPFERMAN, SANDLER, CARRO and KASSAL, JJ., concur.

Petition granted, the hearing panel's findings of fact and conclusions of law confirmed, and the respondent censured.