In the Matter of MARTIN R. ROCHLIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 29, 1984

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Martin R. Rochlin,* respondent *pro se.*

OPINION OF THE COURT

*Per Curiam.*

Respondent Martin Rochlin was admitted to practice as an attorney and counselor at law in the First Judicial Department on December 12, 1958. In a prior disciplinary proceeding, he was found guilty of conduct involving dishonesty, fraud, deceit and misrepresentation in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility. In imposing a censure, we noted that respondent had been hospitalized on two occasions for depression arising from that occurrence. (*Matter of Rochlin,* 93 AD2d 683.)

The Departmental Disciplinary Committee has now brought two additional petitions against the respondent. In the first petition, the committee seeks to confirm findings of fact and conclusions of law of a hearing panel on a new disciplinary charge. It also asks this court to impose such discipline as justice may require. The respondent does not challenge the findings of fact and conclusions of law. He asks this court to accept the penalty of reprimand that was imposed by the committee.

Essentially, the hearing panel found that, in or about January, 1980, respondent was retained by Linda June Kampfer to handle the estate of her father, Alexander Kampfer. In handling that estate, the committee found the respondent guilty of dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4). Specifically, respondent misrepresented the status of this estate to his client by advising her that she was appointed executrix of her father's estate when, in fact, no appointment had been made. Respondent was also found to have fabricated two legal documents, namely, (i) the letters testamentary and (ii) an estate tax waiver notice.

It should be emphasized that respondent never requested nor received a fee from Linda June Kampfer. He paid the funeral expenses for the decedent and never received reimbursement for that expenditure. Neither his client nor her father's estate suffered any monetary loss as a result of respondent's misconduct. These factors will be considered in mitigation of the ultimate discipline to be imposed under the first petition.

In the second petition, the committee asks the court to appoint psychiatric experts to determine whether the respondent is incapacitated from continuing to practice law by reason of mental disability. At the hearing on the instant charges, respondent's principal defense was based upon his severe depression during the period under discussion. As was mentioned in the introductory paragraph, the respondent raised this same defense of depression in his prior disciplinary proceeding. Thus, in each disciplinary proceeding, respondent himself has raised an issue as to his own mental competency. In his affidavit, respondent does not oppose an examination at the present time by a competent psychiatrist.

It is the primary responsibility of this court to protect the public from an attorney who, for any reason, should not be practicing law (*Matter of O'Doherty,* 14 AD2d 4, 10, affd 11 NY2d 1028). Under section 90 of the Judiciary Law, this court has inherent power to take such protective measures as are appropriate under given circumstances. The compelling facts in this case dictate that the respondent be suspended immediately and until such time as his mental competency is confirmed by this court.

Accordingly, the first petition is held in abeyance. The second petition is granted to the extent of immediately suspending the respondent from the practice of law until further order of this court. This matter is remanded to the hearing panel for further proceedings relating to respondent's mental competency. Respondent will be permitted to choose an independent psychiatrist from a list provided by counsel for the committee. If so advised, respondent may also call his own psychiatrist at that hearing. Respondent shall pay the expenses of any psychiatrist called at this hearing because it is his burden to establish that he is fit to practice law.

MURPHY, P. J., SANDLER, CARRO, ASCH and KASSAL, JJ., concur.

Petition to confirm findings of fact held in abeyance, and petition to determine whether respondent is incapacitated in continuing to practice law granted to the extent of remanding matter to hearing panel of petitioner for further proceedings; and respondent suspended from practice as attorney and counselor at law, effective immediately, all as contained in the order of this court.