[—— NYS2d ——]

In the Matter of JAMES D. FORNARI (Admitted as JAMES DANIEL FORNARI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 17, 1993

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lawrence S. Goldman* of counsel *(Goldman & Hafetz,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, James D. Fornari was admitted to the practice

of law in New York by the First Judicial Department on December 22, 1969 under the name James Daniel Fornari. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On or about July 1, 1991 respondent was served with a notice and statement of charges. The Committee charged respondent with insurance fraud in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (6). The charges alleged that respondent's Connecticut home was damaged due to a storm on October 4, 1987 and that he thereafter submitted altered and fraudulent bills and checks to receive reimbursement from his insurance company. In addition, respondent submitted false bills and documents for damage that occurred from an unrelated burglary in his Connecticut home.

After a hearing, respondent admitted submitting bills from E.P. Riva & Son for $8,100 and from Don E. Silvernale for $1,650 where the work reflected in the bills was not for the storm damages. Also respondent submitted a second check to the insurance company made payable to Don E. Silvernale for additional clean-up work which purportedly contained Mr. Silvernale's endorsement on the back and which was presented as if it had been negotiated by Mr. Silvernale when, in fact, the check had never been negotiated or submitted to Mr. Silvernale but forged by respondent with Silvernale's endorsement. Respondent admitted submitting a bill for work by Mr. Bruce Castino which was originally for $2,480 but which he altered to $4,480 before submitting to the insurance company.

Respondent also fraudulently submitted altered bills for an unrelated burglary at the Connecticut home in February 1988. Respondent submitted a bill from a company named "Fone Booth" for $167.86, but changed it to $367.86; a bill from "Topeo" for $7.04, altering it to $1,704; and a bill from the "Futon Shop" for $146.14, which was changed to $1,146.14. Respondent also submitted a false appraisal for an imported table.

Respondent testified that he did not intend to profit or to receive money beyond what he was entitled to for the damages suffered; that he was "very frustrated" at the broker initially not reporting the storm damage to the insurer and then an adjuster not showing up at the Connecticut property when respondent traveled there for that purpose and stayed all day waiting for the adjuster. Respondent, while noting he was not trying to justify his actions, explained he was "incred-

ibly frustrated and angry at the way they were treating me on legitimate claims where I sustained loss and I took a shortcut to get some documentation to them."

Respondent subsequently reimbursed the insurance company for the amount he had received from them to settle his claim. In April 1989 criminal charges were brought against respondent in Connecticut, but were dismissed.

In further mitigation of misconduct, respondent testified that in his 23 years of practice he had an unblemished record, with the exception of this matter; he served as an Assistant United States Attorney in the District of New Jersey; he has made significant contributions to society in his zealous and successful advocacy on behalf of the handicapped and mobility-impaired; he has fully cooperated with the Committee; was seriously remorseful and candidly admitted his misconduct; and his misconduct was wholly unrelated to the practice of law—it did not involve wrongs to clients or deception to the courts or other attorneys.

Three character witnesses also testified on behalf of respondent. They testified that respondent enjoys a reputation for professional excellence, integrity and truthfulness.

On October 16, 1992, the Hearing Panel issued its written report sustaining the charges and recommending that respondent should be suspended from the practice of law for a period of six months.

The Departmental Disciplinary Committee now seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of a six-month suspension.

In response, respondent's counsel asserts that while he believes that public censure would be an appropriate sanction, he accepts the recommendation of the Hearing Panel, and does not oppose the Committee's motion to confirm the six-month suspension recommended by the Hearing Panel.

A review of the evidence presented to the Hearing Panel, particularly respondent's admissions, indicates that there is ample support for the Hearing Panel's findings that respondent engaged in conduct involving dishonesty, deceit, and fraud, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and that he engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (6). Respondent submitted numerous altered and fraudulent bills and checks to receive reimbursement from his insurance company for damages that occurred to his Connecti-

cut home from a storm and unrelated burglary. Although not criminally prosecuted for his actions, respondent's misconduct is nevertheless serious and constitutes insurance fraud.

In *Matter of Field* (63 AD2d 507 [1st Dept 1978]) this Court imposed a one-year suspension upon respondent attorney who was convicted upon a plea of guilty of presenting a false insurance claim, a class A misdemeanor. Field had received a boat as a gift and forgot to mail the necessary forms to the insurance company in order to obtain insurance on the boat. Meanwhile, the boat was stolen. After the boat was stolen, respondent procured the insurance and then filed a false claim with the carrier to the effect that the boat had been stolen subsequent to the effective date of the insurance.

Accordingly, the motion by the Departmental Disciplinary Committee for an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel's report and recommendation is granted solely to the extent that the Hearing Panel's findings are confirmed, and respondent is suspended from the practice of law for a period of one year and until further order of this Court.

MURPHY, P. J., CARRO, ROSENBERGER, KUPFERMAN and ASCH, JJ., concur.

Application granted only to the extent of confirming the Hearing Panel's findings, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective July 19, 1993, and until the further order of this Court.