[620 NYS2d 345]

In the Matter of MURRAY STEINBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 20, 1994

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel *(Jerome Karp, P. C.),* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law at the First Judicial Department in 1979, and has maintained an office for

such purpose within this Department at all relevant times since then. He has been charged with conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]); and conduct that adversely reflects on his fitness to practice law, in violation of what is now DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Respondent is a 25-year veteran of the New York City Police Department who earned his law degree upon his retirement from the force. In 1987 he was named to the panel of attorneys eligible for assignment to represent alleged misdemeanants in New York City Criminal Court (County Law art 18-B). Able to devote long hours to these assignments, respondent became one of the program's most prolific practitioners; in 1990 he handled almost 800 cases, for which he was compensated approximately $116,000 out of public funds. As a result, he was urged to seek an upgrade to the Supreme Court panel, where his assignments would include felony cases.

In connection with his upgrade application, respondent was required to submit two writing samples. In 1990 he submitted one such writing from a case he was working on, but it was rejected as unsatisfactory. The following year he submitted two more samples, but it later came to light that these memoranda were not his own work product. Instead, he had borrowed them from other attorneys, retyped them with new docket numbers, and simply substituted his own name. When the deception was discovered in 1992, respondent was suspended from the Criminal Court panel.

Respondent testified at the disciplinary hearings that he had the ability to write his own papers, but had deceived the assigned counsel panel simply out of laziness. Petitioner has recommended a public censure. In mitigation, respondent states that he was under emotional stress from his divorce in 1991, and from continuing health problems including a heart attack in 1992 and a diagnosis of non-Hodgkin's lymphoma in 1993. Citing his contrition, his cooperation with the disciplinary investigation, and the adverse publicity he has already suffered, respondent cross-moves for an alternative sanction in the form of a private reprimand.

At stake here is the integrity of a public-supported advocacy program whose reputation has been besmirched by one of its

highest-profile representatives. True, no one was harmed. Nevertheless, to paraphrase the words of a sister State's highest court which publicly censured an attorney for aberrant plagiarism in connection with his LL.M. thesis, all honest practitioners in the assigned counsel plan are the real victims here; respondent showed disrespect for their legitimate pursuits *(In re Lamberis,* 93 Ill 2d 222, 229, 443 NE2d 549, 552). Notwithstanding the points in mitigation and the fact that this was an isolated incident in an otherwise unblemished record of 15 years in practice, such misconduct warrants, at the very least, some form of public reprimand *(Matter of Rochlin,* 93 AD2d 683), if not actual suspension from practice *(Matter of Fornari,* 190 AD2d 379).

Accordingly, the petition is granted, the Hearing Panel's findings and recommendation for sanction are confirmed, and respondent is publicly censured for his misconduct.

SULLIVAN, J. P., WALLACH, KUPFERMAN, ROSS and WILLIAMS, JJ., concur.

Petition granted, cross motion denied, the Hearing Panel's findings and recommendation for sanction are confirmed, and respondent is publicly censured for his misconduct.