[637 NYS2d 155]

In the Matter of JAMES OLIVIERO (Admitted as JAMES F. OLIVI-ERO), an Attorney, Respondent. DEPARTMENTAL DISCIPLIN-ARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 6, 1996

APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lewis A. Mazzone* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, James Oliviero, was admitted to the practice of law in the State of New York by the Second Judicial Department on February 23, 1972 as James F. Oliviero. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about December 3, 1993, respondent pleaded guilty in the County Court, County of Nassau, to two counts of insurance fraud in the fifth degree, a class A misdemeanor.

The facts underlying respondent's conviction are undisputed. On or about December 18, 1990, respondent entered into a long-term lease on a BMW 535. The warranty expired in January 1993, hence, the vehicle's mechanical problems were no longer covered. In February 1993, a mailroom clerk at respondent's firm overheard him complaining about his mechanical problems and offered to "take care of his car." Although respondent at first refused, in March 1993, he agreed to have the clerk, Mr. Bolar, "take" his car. Respondent was then to file a false police report claiming his car was stolen and make a claim to his insurance carrier U.S.A.A. for reimbursement. The car was recovered by the New York City Police Department and respondent was reimbursed by U.S.A.A. for the property damage and loss in the amount of $3,731.64.

Respondent made another attempt to dispose of his car in August 1993. This time, Mr. Bolar was stopped for a traffic infraction while in possession of the car and confessed the "scam" to the police. On September 10, 1993, respondent surrendered to the Nassau County Police.

On January 21, 1994, respondent was sentenced to a conditional discharge, requiring that he continue participation in the Interventions Counseling Center program and participate with Alcoholics Anonymous; 75 hours of community service; a fine of $250; and restitution of $3,731.64 to U.S.A.A. Property & Casualty Insurance Company for property damage reimbursement payments. He was granted a certificate of relief from disabilities by Judge Ira H. Wexner on May 4, 1994.

On July 25, 1994, the Departmental Disciplinary Committee (DDC) filed a "serious crime" petition against respondent pursuant to 22 NYCRR 603.12 (a) and Judiciary Law § 90 (4) (d). By order of this Court dated October 12, 1994, the petition was granted and the matter was referred to a Hearing Panel (the Panel) for a hearing and to recommend the appropriate sanction.

The Panel held hearings in this matter on November 5, 1994 and January 26, 1995. At the conclusion of these hearings, DDC staff counsel recommended that respondent be suspended for a period of 18 months. Respondent asked for a public censure based upon his mitigating evidence; alternatively, he requested that suspension be limited to six months. After reviewing the evidence and making findings discussed herein, the Panel recommended that respondent be suspended for a period of 18 months.

In imposing a sanction, the Panel considered respondent's legal background and examined the nature of the crime to which he pleaded guilty. After graduating from St. John's University with a B.A., respondent attended St. John's School of Law and earned his J.D. in 1971. During his attendance at St. John's, he voluntarily enlisted in an ROTC military officer training program and was honorably discharged with the rank of Captain. During law school, respondent was a Thomas Moore Scholar, but he voluntarily surrendered such scholarship in order to intern with the Legal Aid Society. Respondent worked for the Legal Aid Society until 1975.

Respondent had varied employment before joining the firm of Ross & Cohen in 1980 and becoming a partner in 1984. After his conviction, he voluntarily resigned from the firm and the practice of law on December 13, 1993. Subsequently, he has worked in a nonlegal capacity at KSW Mechanical Services, Inc.

Respondent's primary evidence in mitigation was that he was an alcoholic at the time of his misconduct. Respondent's witnesses included a psychologist who concluded, upon examination of respondent, that respondent suffered from alcohol dependence. Respondent attended an outpatient alcoholism program as well as Alcoholics Anonymous. He concluded that respondent's alcoholism was at least partially responsible for the offenses committed.

He also presented evidence that he had no criminal or disciplinary history and had conducted his life in an upstanding manner. For instance, the Panel took note of the fact that respondent had been actively involved in a local charity, known as "Labor and Industry for Education" and that he also volunteered services on behalf of the Boy Scouts, Israel Bonds and the Young Men's Division of the Albert Einstein College of Medicine. In addition, respondent completed his sentence, including the 75 hours of community service.

In determining that suspension was warranted, the Panel considered several factors. First, the Panel rejected respon-

dent's defense of alcoholism as a mitigating factor. The Panel stated: "If in fact the Respondent's wine consumption was affecting his judgment, as was urged upon us, it seems incredible that he was capable of handling complex construction litigation for these many years; and the sole illegal, aberrational act caused by his 'alcoholism' was this fiasco that he is here charged with. If his judgment was indeed affected we would expect to see a number of examples and numerous episodes."

The Panel also considered the sanctions that have been imposed in prior cases in which an attorney was convicted of insurance fraud. The Panel concluded that *Matter of Fornari* (190 AD2d 379), this Court's most recent pronouncement as to appropriate sanction for an insurance fraud conviction, involved facts most nearly analogous to the instant matter. The Panel stated: "The conduct by the attorney in *Fornari* was similar in many respects to that of Respondent. Both attorneys filed false insurance claims for their own personal gain; both had no prior blemishes on their record; and, neither engaged in the misconduct because of financial need. However, Respondent's conduct was more egregious than that *[sic]* in *Fornari* because Respondent attempted to benefit from a completely fictitious claim and put forth this fraudulent claim *twice*, while Fornari at least sought to recover what he perceived to be full reimbursement for damage that actually occurred to his property." Accordingly, whereas Fornari received a one-year suspension, the Panel determined that respondent's misconduct was more serious, and having failed to find compelling mitigating evidence, it recommended a sanction of 18 months.

By motion dated September 6, 1995, the DDC seeks an order confirming the Panel's findings of fact and conclusions of law, and imposing the 18-month sanction recommended. In a memorandum of law in support of the motion, respondent principally discusses the *Fornari* case to demonstrate the correctness of the Panel's reliance on the decision.

Respondent has also submitted an affirmation in support of petitioner's motion and joins with petitioner in seeking to confirm the Hearing Panel report. Respondent, however, requests that the sanction be imposed retroactive to December 13, 1993, the day he voluntarily ceased practicing law. Despite the supporting affidavit, respondent questions the Panel's findings, including, *inter alia*, its rejection of his evidence that there is a correlation between his misconduct and his alcoholism.

We find that the Panel conducted an appropriate analysis of the evidence, taking into consideration both the particular

facts at hand as well as the relevant case law. Since the Panel's recommendation is supported by substantial evidence, and since both petitioner and respondent seek to have the Panel's report confirmed, the DDC's motion to confirm the Panel's findings of fact and conclusions of law is granted. Furthermore, since there is no challenge to the particular sanction recommended and respondent has failed to set forth a sufficient reason for imposing the suspension as of the date of his voluntary cessation of practice, we deny his request for such relief.

Accordingly, the Departmental Disciplinary Committee's petition is granted, respondent is suspended from the practice of law for a period of 18 months, his request that the suspension be imposed nunc pro tunc to December 13, 1993, the date of his voluntary cessation of the practice of law, is denied, and respondent's suspension is effective forthwith.

SULLIVAN, J. P., RUBIN, KUPFERMAN, NARDELLI and WILLIAMS, JJ., concur.

Motion granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and respondent suspended from the practice of law for a period of 18 months, effective forthwith, and until the further order of this Court.