[672 NYS2d 323]

In the Matter of JOSEPH T. WONG (Admitted as JOSEPH THOMAS WONG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 5, 1998

#### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*Michael S. Ross* of counsel (*LaRossa, Mitchell & Ross,* attorneys), for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Joseph T. Wong was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment as Joseph Thomas Wong on February 8, 1989, and at all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

On July 26, 1996 in Criminal Court, New York County, respondent pleaded guilty to insurance fraud in the fifth degree (Penal Law § 176.10) and was sentenced to a conditional discharge, 70 hours of community service and a surcharge of $90. Following the criminal proceedings, this Court granted the Disciplinary Committee's "serious crime" petition and directed that a hearing be held to recommend an appropriate sanction. The Hearing Panel thereafter recommended that respondent be suspended from the practice of law for a period of nine months, rejecting the Committee staff recommendation of a one-year suspension.

The Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law and imposing such discipline as the Court deems appropriate, while respondent moves for an order to confirm the report, including the recommended sanction. Upon our review of the matter, the Hearing Panel's findings of fact and conclusions of law are confirmed, its recommended sanction is disaffirmed, and respondent is suspended for a period of one year.

At the time respondent engaged in the acts for which he was convicted, he was a sole practitioner in Chinatown whose clients primarily came from that community. Respondent also provided services to his community, such as free legal services to the fellowship of police officers and other community societies, as well as free or low-cost services to low-income individuals. However, due to circumstances of a personal and family nature, he began to experience financial difficulties. In order to relieve some of his financial pressures, respondent wanted to replace his BMW, on which he made monthly lease payments of $400, with a less expensive vehicle.

A friend told him that someone could dispose of the car for $500, and respondent agreed to this proposal. When his friend called to carry out the plan, respondent drove to a deserted parking lot where he met the friend and another individual. Respondent gave his friend the $500 and then left with him. Some time later, the friend told him "the job was done" and respondent could report the car as stolen. Respondent did exactly that, reporting the theft not only to the police but also to his insurance company.

The scheme unravelled when respondent was notified by the Sanitation Department that the car had been found—prior to the time he had reported it stolen. Upon first being questioned by the police, respondent attempted to explain away the situation. When the police advised him that they knew the car had not been stolen and recommended that he turn himself in, respondent secured counsel and surrendered to the District Attorney's office.

In determining the appropriate sanction, the Hearing Panel considered not only the facts of the crime but also the mitigating factors in respondent's favor. In particular, the Panel was impressed with respondent's service to his community, his contrition regarding his actions and the testimony of five character witnesses on his behalf. The Committee urged, however, that respondent's failure to abandon the plan or to withdraw the false claims filed with the police and the insurance company at least once he received the notice from the Sanitation Department, underscored the seriousness of respondent's actions and merited a one-year period of suspension.

In reaching its recommended sanction of a nine-month suspension, the Hearing Panel looked for guidance to other cases in which attorneys were convicted of the same crime and, as here, where no client matter was involved. In *Matter of Oliviero* (218 AD2d 204), this Court suspended an attorney for a period of 18 months for similar conduct, with the significant distinction that that attorney attempted more than once to dispose of his car in order to collect insurance. Clearly, respondent's conduct did not rise to this level and merits a less severe sanction. However, in both *Matter of Fornari* (190 AD2d 379) and *Matter of Field* (63 AD2d 507), the attorneys received one-year suspensions where, having sustained actual loss or damage, they filed false insurance claims. In both cases, the attorneys had unblemished records of more than 20 years. In the instant case, the Panel concluded that a nine-month suspension would be appropriate given respondent's youth and his pro bono activities; indeed, the Panel cited the fact that whatever the period of respondent's suspension, a segment of the Chinatown community would no doubt be deprived of access to legal services.

Notwithstanding respondent's commendable pro bono work in his community, we find that the Panel's recommendation fails to take account of the seriousness of respondent's conduct. As noted, the attorneys in *Field* and *Fornari* filed false claims

only after suffering some actual loss; here, respondent decided to rid himself of an expense he could no longer afford by paying someone to dispose of his car, filed two false claims and only acknowledged his misconduct after learning that the police knew the car had never been stolen. Thus, we find that, taking into consideration the mitigating circumstances cited by the Panel, the more appropriate sanction in the instant matter is a one-year suspension.

Accordingly, the petition to confirm the Hearing Panel's findings of fact and conclusions of law is granted, the Panel's recommended sanction is disaffirmed, and respondent is suspended from the practice of law for a period of one year.

MILONAS, J. P., ROSENBERGER, WALLACH, WILLIAMS and MAZZARELLI, JJ., concur.

The Hearing Panel's findings of fact and conclusions of law are confirmed, the Panel's recommended sanction of a nine-month suspension disaffirmed, and respondent suspended from the practice of law in the State of New York for a period of one year, effective June 4, 1998, and until the further order of this Court.