In the Matter of MORRIS SIMON, an Attorney, Respondent. A. E. GOLD, Petitioner.

Fourth Department, December 12, 1963.

*A. E. Gold,* petitioner in person.

*Harold E. Blodgett* for respondent.

*Per Curiam.*  The respondent has been charged with professional misconduct.  It is claimed in the petition that he has violated subdivision 2 of section 90 of the Judiciary Law in committing conduct prejudicial to the administration of justice, and that he has violated canons 1, 17, and 29 of the Canons of Professional Ethics.  There is ample evidence in the record to disclose that the violations complained of have, in fact, occurred.

It is not necessary to recount the many charges that have been made.  The conduct complained of consists in the main of statements made by respondent in the course of arguments of motions during appearances before Trial Justices in the Third Judicial Department and in the Appellate Division of that Department.  Many of these statements were unseemly, intemperate, and at times appeared to be malicious.  Most were completely irrelevant to the pertinent issues.  Many of them may be classed as contumacious.  There is no doubt that they reflected upon the integrity of the Trial Justices involved, and

were intended to do so. As we have said, it is unnecessary to repeat or quote such statements. The record is replete with them. They are not denied by the respondent, but he pleads that he was the victim of emotional pressures at the time. The answer to this is that they were continued over a long period of time, and were insistent and persistent. It would appear from the record that they were not necessarily impulsive, but that, at least in some instances, they had been planned in advance.

As we have said, respondent does not deny making these statements. He has testified that he regrets them, and he apologizes therefor. This does not cure the harm that was done when some of the accusations were made; and we use the word accusations advisedly, because many of them impugned the integrity of the Justices involved. Nor were these matters isolated. There were several Trial Justices included, and the voiced and inferred suspicions of the respondent as to their impartiality seemed to be indiscriminate. Even if we should grant that the respondent was under some provocation because of the nature of the proceeding and his past relations with attorneys representing the opposition, any normal or even slight restraint would have precluded these statements.

The Supreme Court Justice to whom we referred the matter has found that almost every charge against the respondent has been sustained, some only in part but most of them, fully. He has indicated that the findings show a complete disrespect for the courts, a lack of responsibility of respondent's obligations as an attorney, and that respondent is guilty of conduct tending to bring the profession into disrepute. He concluded that if the statements had been made by respondent deliberately, intelligently, and rationally, a determination that he had been guilty of willful professional misconduct would be warranted, but on the evidence presented he felt impelled to question the rationality of respondent's acts and statements. He observed that respondent's lack of reason resulted from the particular litigation here involved, and led to conduct beyond the impulsive acts of an emotionally unstable, but otherwise, rational person. The hearing Justice would excuse what he terms " the conduct of a sick lawyer rather than one consciously erring ".

If the respondent is irrational, he probably should no longer practice law, or at least he should be restrained from indulging in litigation. (*Matter of Freedman,* 7 A D 2d 447.) However, perhaps such drastic action is not presently required, and, in view of the respondent's apparently good previous conduct and of the confidence that has been expressed in his capacity to

conduct himself properly in the future by certain persons of responsibility, we are inclined to believe that censure is sufficient at this time. (*Matter of Lo Pinto,* 19 A D 2d 180.)

The respondent should be censured.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Order entered censuring respondent.