In the Matter of MORRIS SIMON, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

First Department, July 10, 1969.

*Richard A. Nachman* for petitioner.
*H. E. Blodgett* for respondent.

*Per Curiam.* This disciplinary proceeding was instituted by petition submitted to the Appellate Division in the Third Judicial Department, and was subsequently transferred to this court.

Respondent was admitted to the Bar in the Third Department on September 10, 1925 and has since that time been engaged in the practice of law in the City of Troy, New York.

Respondent has once before, in 1963, been the subject of a disciplinary proceeding which led to his censure by the Appellate Division, Fourth Department (20 A D 2d 46).

The Referee has found that three charges of professional misconduct lodged against respondent have been sustained. The petitioner moves to confirm the Referee's report insofar as it sustains said charges and seeks disaffirmance thereof insofar as it finds that charge six was not sustained. The fourth and fifth charges in the petition were not sustained and petitioner does not challenge such findings. The respondent cross-moves and requests that all charges against him be dismissed.

The evidence as to the first two charges demonstrates that, during the course of an examination before trial, the respondent made abusive, obscene and insulting statements, in the presence of witnesses, to and concerning his opposing counsel and also struck him.

In defending against these charges respondent points to some previous ill feeling which had existed between himself and opposing counsel. He claims that what triggered his immediate conduct, which is the basis of these charges, was the fact that he had overheard opposing counsel, while using the telephone in the same office in which the EBT was being held, refer to the respondent in derogatory language.

As to the third charge, the evidence clearly demonstrates that respondent, while representing the Chief of Police of Troy, in a disciplinary proceeding, presented to a Justice of the Supreme Court an order to show cause which was supported by an affidavit prepared by respondent and signed by his client, which affidavit contained serious and scandalous charges which were wholly irrelevant to the proceeding in which the affidavit was submitted. (*Matter of Wilson,* 248 App. Div. 388.)

The Referee has found that respondent's guilt on each of the charges of professional misconduct, outlined above, has been established and the record fully supports such finding.

A sixth charge is based upon the following item placed by respondent in the *Troy Record,* a newspaper published in the City of Troy, N. Y.

"THANKS TO ALL   *   *   *

"Time does not permit personal replies to countless heart warming congratulatory letters and telegrams from many parts of the country in relation to my successful defense of Chief Doherty. Sincere thanks to all.

MORRIS SIMON "

The Referee found that "respondent's 'advertisement' * * * could be described more properly as a 'notice' rather than an advertisement" and that it was not "inserted with a view to attracting law business or professional engagement". Under the particular circumstances of this case, we agree with the Referee's conclusion that "[a]ssuming arguendo that there was a technical violation of the Canon [Canon 27 of the Canons of Professional Ethics], the charge * * * has all the aura of a *de minimis* situation ".

Accordingly, the Referee's report is in all respects confirmed.

In neither the earlier disciplinary proceeding, nor in this proceeding, is there any suggestion that respondent's integrity, ability and loyalty to his clients are being questioned. They are not. What is being questioned is respondent's temperament and his conduct.

Accepting as true all that respondent claims, for the purposes of this proceeding, this would still not excuse or justify his ungentlemanly behavior and unprofessional conduct.

Accordingly, respondent should be suspended for a period of six months.

STEVENS, P. J., CAPOZZOLI, McGIVERN, MARKEWICH and McNALLY, JJ., concur.

Respondent suspended for a period of six months, effective August 11, 1969.