[— NYS2d —]

In the Matter of JORDAN SCHIFF (Admitted as JORDAN EVAN SCHIFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 15, 1993

### APPEARANCES OF COUNSEL

*Naomi Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New

York under the name Jordan Evan Schiff by the Appellate Division, Second Department, on March 16, 1988, and he practiced law in the First Department at the time of the incident that gave rise to this proceeding.

While representing a plaintiff at a deposition in a personal injury action, respondent was unduly intimidating and abusive toward the defendant's counsel, and he directed vulgar, obscene and sexist epithets toward her anatomy and gender. Respondent's conduct is inexcusable and intolerable, and violates DR 1-102 (A) (7) of the Code of Professional Responsibility (22 NYCRR 1200.3 [a] [7]) in that it reflects adversely on his fitness to practice law (see, Matter of Simon, 20 AD2d 46; In re Williams, 414 NW2d 394 [Minn 1987]).

In unanimously recommending a public censure instead of a more severe sanction, the Hearing Panel of the Departmental Disciplinary Committee took into consideration respondent's apology by letter and in person at the disciplinary hearing to the attorney who had patiently borne his insults, the respondent's youth (28 years) and inexperience, the fact that monetary sanctions were imposed on respondent by the Judge to whom the civil case was assigned, and that soon after the incident in question respondent was fired from the law firm at which he had been employed. We agree with the recommended sanction under all the circumstances, but respondent is put on notice that a repetition of such conduct will almost certainly warrant a suspension from practice (see, Matter of Simon, 32 AD2d 362; Matter of Vincenti, 114 NJ 275, 554 A2d 470).

Accordingly, the motion by the Departmental Disciplinary Committee to confirm the Hearing Panel's report and recommendation should be granted to the extent indicated, and respondent should be publicly censured.

CARRO, J. P., ROSENBERGER, ELLERIN, WALLACH and RUBIN, JJ., concur.

Respondent publicly censured.