[659 NYS2d 255]

In the Matter of ROGER S. MULLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 10, 1997

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Roger S. Muller was admitted to the practice of law in the State of New York by the First Judicial Department on June 22, 1992. He is currently employed in a nonlegal posi-

tion that is not contingent upon his continued admission to the Bar.

The notice and statement of charges against respondent alleged that he violated Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3) by subjecting a former girlfriend to numerous harassing telephone calls over a period of time and by posing as a law clerk of a Federal court Judge in order to harass his victim at the law school she was attending; in the same guise, he obtained information about the victim from her school and made misrepresentations about her in an attempt to discredit her.

Respondent thereafter stipulated to the factual allegations contained in the notice of charges. Following a hearing, the Panel determined that respondent had engaged in conduct involving deceit and misrepresentation, in violation of DR 1-102 (A) (4), as well as conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (8).

In mitigation of his conduct, with respect to the sanction to be imposed, respondent testified before the Panel that he was an alcoholic and that his misconduct was the product of his alcoholism. According to respondent, after undergoing therapy, he joined a group of recovering alcoholic attorneys, which he was attending on a weekly basis. The Hearing Panel recommended a private censure, citing respondent's cooperation, admission of the charges and ongoing therapy, noting that should he engage in future misconduct, a "severe sanction" would be warranted.

The Committee seeks an order confirming the Hearing Panel's findings of facts and conclusions of law and imposing whatever sanction the Court deems appropriate. The Office of Chief Counsel seeks an order disaffirming the Panel's report to the extent of the recommended sanction, seeking instead the sanction of a public censure. In support of the motion to disaffirm, counsel cites the seriousness of respondent's misconduct as well the extent to which alcoholism may be blamed for his actions. Specifically, counsel noted that respondent had already been in treatment for several months before the harassment began; that he could hardly have posed as a Judge's clerk while intoxicated; and that public discipline would send an important message to the Bar and the public that such conduct will not be tolerated under any circumstances.

The Hearing Panel's report is confirmed insofar as it sustained the charges against respondent; it is disaffirmed insofar as the recommended sanction. We further find that

public censure, recommended by the Office of Chief Counsel, is insufficient under the circumstances. The charges are not based on a single episode of rudeness or vulgarity directed toward a colleague (*Matter of Schiff*, 190 AD2d 293) or a single instance of deceit (*Matter of Steinberg*, 206 AD2d 232). The gravity and duration of respondent's conduct, and the lengths to which he went to interfere with his victim's professional and personal life, are such that a six-month suspension from the practice of law is warranted. During his suspension, respondent must continue to undergo therapy and alcoholic rehabilitation, and refrain from contact with the victim of his harassment campaign. Upon filing an affidavit for reinstatement at the conclusion of the six-month period, pursuant to 22 NYCRR 603.14 (a), respondent must provide appropriate evidence that he has complied with these requirements.

Accordingly, the petition to confirm the Hearing Panel's report and recommendation is granted only to the extent that it sustained the charges against respondent; the recommended sanction is disaffirmed; the motion of the Office of Chief Counsel to disaffirm the recommended sanction is granted to the extent that the recommended sanction is disaffirmed; and respondent is suspended from the practice of law for a period of six months. Upon filing for reinstatement at the end of that period, respondent must show compliance with the requirements specified above.

MILONAS, J. P., ROSENBERGER, WALLACH, NARDELLI and RUBIN, JJ., concur.

Petition granted only to the extent that it sustained the charges against respondent, and the motion to disaffirm the recommended sanction is granted, and the recommended sanction is disaffirmed; and respondent is suspended from the practice of law in the State of New York for a period of six months, effective August 11, 1997, and until the further order of this Court, as indicated.