[791 NYS2d 36]

In the Matter of ROBERT A. KAHN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 8, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Marvin Ray Raskin* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert A. Kahn was admitted to the practice of law by the First Judicial Department on March 21, 1960. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of charges dated April 26, 2004 in connection with a pattern of misconduct involving sexually oriented or other offensive comments directed at female attorneys, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [engaging in conduct that adversely reflects on the respondent's fitness as a lawyer]) and DR 7-106 (c) (6) (22 NYCRR 1200.37 [engaging in undignified or discourteous conduct that is degrading to a tribunal]). Respondent served an answer and, prior to the hearing, stipulated with staff counsel as to the facts and to the resolution of the asserted ethical violations pursuant to the disciplinary rules cited in the statement of charges.

An evidentiary hearing was held on June 17, 2004, at which respondent was represented by counsel. Testimony was received from respondent and two character witnesses. Respondent suggested that he receive public censure, and the Committee urged that he be given a six-month suspension. On August 16, 2004, the Referee issued an extensive report sustaining both of the charges against respondent and recommending a three-month suspension based upon the stipulated facts and upon the independent finding that the charges were fully supported by the record. The Hearing Panel agreed with the findings, identifying as the sole issue presented the appropriate sanction to be imposed.

The Disciplinary Committee now seeks an order confirming the Hearing Panel's determination and sanctioning respondent as this Court deems appropriate. The Committee contends that the pattern of abusive behavior established by the record warrants a suspension (*see e.g. Matter of Simon*, 32 AD2d 362 [1969]), rather than the more limited sanction of public censure that would be warranted by conduct limited to a single outburst or incident (*see e.g. Matter of Hayes*, 7 AD3d 108 [2004]). It recommends a suspension of six months and, in any event, no less than three months. Respondent urges that he be publicly censured based upon mitigating circumstances, particularly, that he has acknowledged his misconduct, fully cooperated with the Committee and has begun psychotherapy to address the problem. Respondent argues that, at age 67, a suspension would

represent a considerable obstacle to his continued ability to practice law.

As a member of the First Department's 18-B panel for over 30 years, respondent represents clients in the Bronx Family Court, in which the City of New York is represented by either the Office of the Corporation Counsel or the Administration for Children Services. About half of respondent's work consists of such appointments, and he has repeated contact with counsel representing these agencies. Respondent stipulated that he frequently consumed peppermint-ball candies in the courthouse and, when offering candies to adversarial female staff attorneys, consistently made sexually offensive comments, such as, "Do you want to suck one of my balls?" When told by female attorneys that they were offended by his remarks, respondent replied, "If you're so damned refined then why do you understand?" Respondent conceded that he never made similar comments to men or to Family Court judges.

Respondent further stipulated that he was repeatedly asked by a female Corporation Counsel Assistant Deputy Borough Chief, whom he has known since 1996, to refrain from using profanity in her presence, but consistently ignored her requests. On one occasion, he referred to a female Assistant Corporation Counsel as "pig vomit on my shoes." On another occasion, as the same attorney, who is overweight, was about to enter the courtroom, respondent yelled, "Here is the elephant, she's coming in. Who wants tickets? Come see the show." He further conceded to having made improper remarks about a 13-year-old client arrested for prostitution and to having invited a female adversary to guess the bra size of a 14-year-old client.

Based upon the testimony received at the hearing and respondent's own stipulation that he "engaged in a pattern of conduct" by "regularly making" offensive remarks and by "frequently making unseemly comments in the courthouse," the record amply supports the finding that the offensive conduct was not limited to isolated incidents. There is evidence indicating that this pattern of misconduct goes back as far as 1991. While respondent submits that letters of apology he sent after the hearing should be considered as evidence of contrition, this expression of remorse does little to ameliorate the harm inflicted by respondent's abusive, vulgar and demeaning comments, directed at female adversaries and young clients, alike. Though warned by a friend that his remarks were inappropriate and asked by adversarial colleagues to refrain from vulgarity, re-

spondent persisted in his course of conduct. Such persistent behavior warrants more than a minimum sanction (*see Matter of Muller*, 231 AD2d 296 [1997] [series of harassing telephone calls to former girlfriend]; *see also Matter of Simon*, 32 AD2d 362 [1969], *supra*).

Accordingly, the Committee's petition for an order confirming so much of the Hearing Panel's determination, which confirmed the Referee's findings of fact and conclusions of law should be granted; so much of the aforesaid determination which confirmed the Referee's recommended sanction of three months' suspension disaffirmed, and respondent suspended from the practice of law in the State of New York for a period of six months.

TOM, J.P., ELLERIN, WILLIAMS, GONZALEZ and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective April 8, 2005, and until further order of this Court.