[15 NYS3d 312]

In the Matter of EAMON TEAGUE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 28, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun H. Lee* of counsel), for petitioner.
*Arthur L. Gallagher* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Eamon Teague was admitted to the practice of law in the State of New York by the Second Judicial Department on November 3, 1993. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department and practiced primarily as a solo practitioner handling traffic matters in the Manhattan North and Bronx offices of the Traffic Violations Bureau (TVB).

In 2012 and 2013, the Departmental Disciplinary Committee (DDC) brought 13 charges against respondent, six of which were sustained by the Referee after a hearing, all pertaining to his demeanor and actions while practicing in the TVB. The six charges were subsequently confirmed by the Hearing Panel in its report of January 13, 2015 and the seven others were dismissed.

By petition dated March 17, 2015, the DDC seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15 (e), and Judiciary Law § 90 (2), confirming the Hearing Panel's findings of fact and conclusions of law and imposing a sanction that this Court deems just and proper.

Respondent was charged with having made patently offensive racial, ethnic, homophobic, sexist, and other derogatory remarks to attorneys, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0); insulting an

administrative law judge in a public forum, and being disruptive inside of and/or in the vicinity of hearing rooms, in violation of rule 3.3 (f) (2); and improperly importuning court clerks to recalendar cases even when told it could not be done, in violation of rule 8.4 (b) and (d). The evidence cited by the Referee and confirmed by the Hearing Panel as upholding these charges included testimony of three TVB Administrative Law Judges: one who received complaints of disruptive or explosive conduct on respondent's part over the years and personally witnessed such behavior on several occasions; one who was called "a disgrace" by respondent in an open hearing room during or after a contentious hearing; and one who, after reprimanding respondent for talking in the courtroom, experienced him as irate, rude, loud, and combative. In addition, three attorneys who practiced traffic law at the Manhattan North TVB testified that respondent had for years cursed and made obscene, racist comments, and uttered profanities about ethnicity and homosexuality within the public areas of the TVB; he had also threatened one of the attorneys on more than one occasion.

The Referee's July 14, 2014 report recommended that respondent should be "publicly sanctioned" and directed to attend an anger management program, based on respondent's use of "vituperative and unseemly remarks" made to two Administrative Law Judges and his inappropriate language used with other attorneys. The Referee noted the generally unpleasant work atmosphere at the TVB, and that inappropriate language amongst and between the attorneys "appeared to be commonplace." She attributed respondent's misbehavior to "poor impulse control" and a "hair trigger response." The Referee also noted that respondent admitted that he used inappropriate language, and intended to seek counseling. Further, he had never been convicted of any offense involving violence, is active in his church, does pro bono work related to traffic cases, and seeks to be successful on behalf of his clients.

The Hearing Panel disaffirmed the Referee's recommendation of a "public sanction," which it understood to be a recommendation of a public censure. It noted the regularity over the years of respondent's public remarks to other attorneys that were profane, racist, sexist, homophobic, obscene or threatening, his disrespect to and for the two Administrative Law Judges, and that he was also found to have improperly importuned TVB clerks to engage in acts that he was told could

not be done. The Hearing Panel recommended a one-month suspension. The DDC seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and argues for a just and appropriate sanction.

Sanction of attorneys for similar types of misconduct has ranged from public censure to suspension, depending on the conduct and the existence of mitigating and/or aggravating factors (*see Matter of Sondel*, 111 AD3d 168, 178 [1st Dept 2013] [six-month reciprocal suspension for obnoxious and contumacious language and attitude, and contemptuous behavior before an Immigration Law Judge and opposing counsel]). Attorneys found to have engaged in unprofessional, undignified and discourteous conduct have been censured or given short periods of suspension (*see e.g. Matter of Kahn*, 16 AD3d 7 [1st Dept 2005] [six-month suspension for pattern of sexually oriented and offensive comments directed at female attorneys and teenage clients dating as far back as 1991]; *Matter of Hayes*, 7 AD3d 108 [1st Dept 2004] [censure for accusations against court and its clerk of racism and prejudice and for other insolent disrespectful remarks after receiving an unfavorable ruling; aggravation included two prior admonitions, mitigation included respondent's advanced age and suspension would effectively end career]; *Matter of Delio*, 290 AD2d 61 [1st Dept 2001] [censure for disrespectful comments of the court made in a short colloquy and affirmation submitted three days later; remorse, apology to judge, and unblemished disciplinary history]; *Matter of Dinhofer*, 257 AD2d 326, 328 [1st Dept 1999] [three-month suspension based on censure by the U.S. District Court for the Southern District of New York for calling a federal judge "corrupt" during a telephone conference; this Court opined that "(w)hile respondent has no other disciplinary record, such conduct adversely impinges upon respondent's fitness to practice law and requires more than public censure"]; *Matter of Schiff*, 190 AD2d 293 [1st Dept 1993] [censure for directing vulgar, obscene, and sexist epithets toward opposing counsel at a single deposition]).

Even assuming, as the Referee found, that it is true that inappropriate language by attorneys is commonplace at the TVB, we fail to see how this constitutes mitigation or otherwise excuses respondent's ongoing and public inappropriate behavior. Respondent has shown inexcusable disrespect in open court to two Administrative Law Judges. He has spewed racist, sexist, homophobic and offensive epithets against other attorneys

that any reasonable person, let alone a reasonable attorney, would know are simply unacceptable in public discourse. The "policy underlying the rules governing professional responsibility . . . seeks to establish a 'minimum level of conduct below which no lawyer can fall without being subject to disciplinary action'" (*Matter of Holtzman*, 78 NY2d 184, 192 [1991] [quoting from Code of Professional Responsibility, Preliminary Statement], *cert denied* 502 US 1009 [1991]). Respondent's conduct should not and will not be tolerated. Furthermore, we find it of concern that he attempted to undermine the functioning of the TVB by his repeated requests of the clerks to recalendar cases, even after being informed by more than one clerk that what he was asking would violate TVB policy.

Accordingly, the Committee's motion is granted to the extent of confirming the Hearing Panel's findings of facts and conclusions of law. We disaffirm the Hearing Panel's recommendation of a one-month suspension, and direct that respondent should be suspended for a period of three months, and until further order of this Court, and respondent should continue anger management treatment for a period of one year, monitored by the New York City Bar Association's Lawyer Assistance Program.

FRIEDMAN, J.P., ACOSTA, DEGRASSE, RICHTER and FEINMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective the date hereof, and until further order of this Court.