Matter of Bailey (2019 NY Slip Op 02487)





Matter of Bailey


2019 NY Slip Op 02487


Decided on April 2, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Dianne T. Renwick, Justice Presiding,
Rosalyn H. Richter
Sallie Manzanet-Daniels
Troy K. Webber
Ellen Gesmer,Justices.


M-6219 CM-293

[*1]In the Matter of Adam L. Bailey, (admitted as Adam Baily), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Adam L. Bailey, (OCA Atty. Reg. No. 2754216) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Adam L. Bailey, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 6, 1996.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.
Motion No. 6219, Cross


PER CURIAM


Respondent Adam L. Bailey was admitted to the practice of law in the State of New York by the First Judicial Department on May 6, 1996, under the name Adam Bailey, and has maintained an office for the practice of law within the First Judicial Department at all relevant times.
He is the sole equity partner and founding owner of the law firm Adam Leitman Bailey, PC, which focuses on the practice of real estate law. The firm employs 26 attorneys and 24 legal support staff.
In 2017, the Attorney Grievance Committee (AGC) commenced this proceeding by filing a petition alleging that respondent had violated the following New York Rules of Professional Conduct (22 NYCRR 1200.0): (1) rule 3.3(f)(2) (undignified or discourteous conduct before a tribunal), (2) rule 3.3(f)(4) (conduct intended to disrupt a tribunal), (3) rule 8.4(d) (conduct prejudicial to the administration of justice), (4) rule 3.4(e) (threatening criminal charges solely to obtain an advantage in a civil matter), and (5) rule 8.4(h) (conduct that adversely reflects on counsel's fitness as a lawyer).
In April 2018, respondent submitted an answer in which he admitted to all of the charges but contested whether some of the alleged misconduct was intentional. The parties then submitted a joint stipulation of disputed and undisputed facts. By unpublished order dated June 27, 2018, this Court accepted the parties' stipulation and appointed a referee to conduct a sanction hearing.
The allegations in the petition concerned respondent's conduct in two different matters. The first occurred in November 2016, when the second day of an arbitration hearing was being conducted in a conference room at respondent's law firm, which represented one of the parties. Respondent, who was not handling the arbitration, entered the conference room in the middle of a witness's testimony, started taking photographs with his phone, and stated:
"This will be in the newspaper when I put this in there after we kick your asses. You should be ashamed of yourselves for kicking people out of a building and you have to live with yourself."
The petition alleged that respondent's conduct violated Rules 3.3(f)(2), 3.3(f)(4), and 8.4(d).[FN1]
In the second matter, respondent's firm represented the owner of several residential buildings. A resident of one of these buildings, James Dawson, allegedly made postings to a website accusing the owner of overcharging tenants. Respondent sent a letter to Dawson dated September 7, 2016, accusing him of creating a false and defamatory website and demanding that he take it down or face a lawsuit. Respondent received no response to this letter.
On September 13, 2016, respondent sent Dawson a text message which read, in relevant part:
"We are filing a lawsuit against you for millions of dollars of damages you have caused as a result of your defamatory website. . . . We are also in contact with the location [sic] police station and we have a copy of the complaint your ex-girlfriend filed against you and we will be using all means necessary to protect our clients."[FN2]
Later on the same day, respondent telephoned Dawson, who recorded the conversation. Respondent told Dawson, inter alia, that Dawson was "not that bright," and that, if he did not take the website down, he would "be bankrupt soon." Respondent told Dawson that he "should commit suicide. . . . [y]ou're one of those people in the world that really should just kill themselves because you're worthless." While still on the phone with Dawson, respondent said to a person in his office about Dawson "start the lawsuit. . . . I need him arrested. . . . I gotta get this guy. He's gotta be arrested." Respondent told Dawson that respondent's employee who would be "running the investigation" of Dawson "used to run the district attorney's office," and claimed that respondent's office was "in contact" with the District Attorney's office. He told Dawson, "[y]ou have no idea what you stepped into. . . . Welcome to my world. Now you're my bitch. . . . you're gonna be paying for this heavily for the rest of your life."[FN3]
The petition alleged that this conduct violated rules 3.4(e) and 8.4(h).
Following the disciplinary hearing, the Referee recommended a three-month suspension. The Referee noted that respondent and his law firm have previously been admonished by the AGC in 2011 and 2014, respectively, and that in those matters, as in the instant one, respondent "engaged in excessively aggressive behavior while representing a client. . . . [,] failed to conduct himself within the bounds of propriety, and. . . violated one or another Rule." The Referee found that respondent had never apologized to the arbitrator, the witness whose testimony respondent interrupted, or to Mr. Dawson. He further found that respondent:
"showed remorse, and is unquestionably very sorry [] that his actions have caused his present problems. However, he refuse[d] to take full responsibility for his actions, which would include admitting he knew that he was interrupting an arbitration, properly apologizing, and recognizing that his aggressive litigation tactics must be controlled."
Finally, the Referee acknowledged respondent's testimony about what he asserted were mitigating factors, including difficulties he was experiencing as the parent of a newborn, but noted that "lawyers are required to control their emotions, and his problems are unrelated to his misbehavior."
The AGC now moves to confirm the Referee's report, and seeks imposition of the recommended sanction of three months' suspension. Respondent opposes the AGC's motion and cross-moves for a sanction of public censure.
This Court has sometimes interposed public censure as a sanction for comparable behavior (see Matter of Delio, 290 AD2d 61 [1st Dept 2001]; Matter of Schiff, 190 AD2d 293 [1st Dept 1993]; Matter of Golub, 190 AD2d 110 [1st Dept 1993]). However, in such cases, the respondent has generally acknowledged the scope of his wrongdoing and apologized to those affected. In addition, there are generally other mitigating circumstances, such as an unblemished prior history. Neither of those factors is present here. Accordingly, respondent's cross motion seeking a sanction of public censure should be denied.
This Court has suspended attorneys for similar behavior for between three and six months (see Matter of Giorgini, 166 AD3d 43 [1st Dept 2018], appeal dismissed 32 NY3d 1134 [2019]; Matter of Teague, 131 AD3d 268 [1st Dept 2015], appeal dismissed 26 NY3d 959 [2015], lv denied 26 NY3d 912 [2015]; Matter of Sondel, 111 AD3d 168 [1st Dept 2013]; Matter of Kahn, 16 AD3d 7 [1st Dept 2005]).
Here, the conduct with which respondent has been charged did not occur over many years and affect numerous persons like the conduct described in Matter of Kahn. In addition, unlike the respondent in Matter of Sondel, respondent here has not been held in contempt of court for the conduct with which he was charged. However, he has twice previously been admonished by the AGC for inappropriate litigation behavior. Given this and his failure to take full [*2]responsibility for the conduct that led to the instant proceeding, we find that a four-month suspension and a referral to the New York City Bar Association's Lawyer Assistance Program for counseling is an appropriate sanction in this case.
Accordingly, the AGC's motion should be granted to the extent of confirming the Referee's finding of facts and conclusions of law, the sanction recommendation disaffirmed, respondent is suspended from the practice of law for a period of four months, and until further order of this Court, and respondent is directed to engage in counseling for a period of up to one year, as determined and monitored by the New York City Bar Association's Lawyer Assistance Program. Respondent's cross motion should be denied.
All concur.
Order filed. [April 2, 2019]
The Committee's motion (M-6219) is granted to the extent of confirming the referee's findings of fact and conclusions of law. The sanction recommendation is disaffirmed, and respondent is suspended from the practice of law in the State of New York for a period of four months, effective May 3, 2019, and until further order of this Court. Respondent is directed to engage in counseling for a period of up to one year, as determined and monitored by the New York City Bar Association's Lawyer Assistance Program. The cross motion (CM-293) is denied.



Footnotes

Footnote 1:Respondent claimed at the hearing of this disciplinary matter that he believed the parties were engaging in a settlement conference, not a hearing, when he entered the conference room, but did not otherwise deny the charges in the petition. The Referee did not credit respondent's testimony, noting that the hearing was in its second day, and that respondent could see that a formal proceeding was under way through the clear glass wall.

Footnote 2:Respondent did not present a copy of any complaint filed against Dawson by his ex-girlfriend at the hearing of this disciplinary matter.

Footnote 3:Respondent presented no evidence at the disciplinary hearing that his firm ever filed suit against Mr. Dawson.