Matter of Melville (2024 NY Slip Op 00027)

Matter of Melville

2024 NY Slip Op 00027

Decided on January 04, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Barbara R. Kapnick
Justice Presiding
Cynthia S. Kern Saliann Scarpulla Bahaati E. Pitt-Burke John R. Higgitt
Justices.

Motion No. 2023-04377 Case No. 2022-05820 

[*1]In the Matter of Matthew A. Melville, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Matthew A. Melville (Admitted as Matthew Alexander Melville) (OCA Atty. Reg. No. 4840575), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Matthew A. Melville, was admitted, as Matthew Alexander Melville, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department, on July 21, 2010.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Reid Skibell, Esq., for respondent.

Per Curiam 

Respondent Matthew A. Melville was admitted to the practice of law in the State of New York by the First Judicial Department on July 21, 2010, under the name Matthew Alexander Melville. Respondent maintains a registered address in California. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
In or about December 2022, the Attorney Grievance Committee (AGC) served respondent with a Notice and Petition of Charges pursuant to 22 NYCRR 1240.8(a)(1) and 603.8(b)(1), alleging professional misconduct arising from his maintaining a side law practice, in violation of the partnership agreement with his law firm, and the underreporting of income earned from his side law practice to tax authorities.
The ACG and respondent now jointly move under 22 NYCRR 1240.8(a)(5) for discipline by consent and seek an order suspending respondent for six months and a two-year period of business and mental health monitoring.
The parties stipulated to the following facts: In April 2020, respondent joined a multinational law firm in San Francisco as a partner. As relevant, the partnership agreement stated, "[i]nasmuch as an attorney's entire productive time should be employed for the Firm's benefit, all compensation received by the attorney for any professional activities are considered Firm earnings." Notwithstanding the terms of the partnership agreement, respondent, during his 17-month tenure at the firm, billed certain clients outside of the firm's standard billing structure. Specifically, respondent billed law firm clients separately for the work performed solely by respondent on the client's behalf and he performed legal work for nonlaw firm clients. In both instances, respondent sent personal invoices to these clients and directed that payment be sent to his personal bank account. However, respondent failed to maintain proper records, receive 1099s from his clients, and inadvertently reported only a portion of his taxable income for fiscal years 2020 and 2021. Between July 9, 2021, and October 26, 2021, respondent created 12 personal invoices which totaled $118,711. Respondent admitted that he was paid on eight of the personal invoices for a total of $85,840. In 2020 and 2021, respondent's income from his side practice was approximately $361,467.
On November 15, 2021, the [*2]law firm discovered respondent's misconduct after a client received two invoices: an invoice from the law firm and a personal invoice from respondent. Subsequently, the law firm terminated respondent and filed disciplinary complaints with the AGC and California State Bar alleging violations of the partnership agreement and professional dishonesty.[FN1]
Respondent admitted that he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of rule 8.4(c) of the New York Rules of Professional Conduct (22 NYCRR 1200.0) based on the following conduct: (1) failing to deliver to the law firm the earnings he received for his professional activities on behalf of his clients while employed as a partner by the law firm; (2) utilizing a parallel invoice system and creating 12 personal invoices directing clients to make payments to his personal account in violation of the partnership agreement; and (3) using law firm letterhead for personal invoices.
He further admitted that, by failing to report his side practice to the law firm and inadvertently underreporting the taxable income he earned, respondent engaged in conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4(h).
The parties have stipulated to the following factors in aggravation: that respondent received substantial income at the expense of his law firm through misconduct; and between April 2020 and October 2021, respondent received more than $300,000 in payments from his side practice.
The parties also stipulated to several factors in mitigation: respondent has no previous disciplinary history; respondent filed amended tax returns for fiscal years 2020 and 2021, rectifying his tax reporting mistake; respondent has cooperated fully with the investigation and acknowledged the wrongfulness of his actions; respondent's retention of a law practice business mentor to focus on law office compliance and reporting; respondent's acknowledgement of his need for mental health counseling; and the commencement of treatment for these issues.
The parties agree that a six-month suspension and two years of mental health and business monitoring with biannual reporting conditions is the appropriate sanction. Indeed, the sanction proposed by the parties is supported by the case law cited by the parties (see Matter of Gonchar, 118 AD3d 1 [1st Dept 2014] [nine-month suspension after 11 years of side law practice but no declaration of income]). Notably, respondent's conduct here is less egregious than in Gonchar, as respondent declared but inadvertently underreported his income. In light of this precedent, a lesser suspension of six months with two years of business and mental health monitoring and reporting is the appropriate sanction (see also Matter of Teague, 131 AD3d 268 [1st Dept 2015], lv denied 26 NY3d 912 [2015], appeal dismissed 26 NY3d 959 [2015] [three-month suspension and directed to continue anger management treatment for a period of one year monitored [*3]by New York Lawyer's Assistance Program]). Since respondent resides in California, his California based therapist is directed to produce compliance reports biannually to the AGC.
Accordingly, the joint motion for discipline by consent should be granted pursuant to 22 NYCRR 1240.8(a)(5), and respondent suspended from the practice of law for a period of six months, and until further order of the Court, and he is directed to comply with the business and mental health monitoring and reporting conditions as set forth in the parties' joint affirmation. The petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCCR 1240.8(a)(5) is granted and respondent Matthew A. Melville (admitted as Matthew Alexander Melville), is suspended from the practice of law in the State of New York for a period of six months, and until further order of this Court, and is directed to comply with the business and mental monitoring and reporting conditions as set forth in the parties' joint affirmation, and
It is further Ordered that the petition of charges is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, and until further order of this Court, respondent Matthew A. Melville (admitted as Matthew Alexander Melville) is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Matthew A. Melville (admitted as Matthew Alexander Melville) shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Matthew A. Melville (admitted as Matthew Alexander Melville) has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: January 4, 2024

Footnotes

Footnote 1: In June 2022, the California State Bar declined to take action on the complaint.