Matter of Rosin (2024 NY Slip Op 03140)

Matter of Rosin

2024 NY Slip Op 03140

Decided on June 11, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Jeffrey K. Oing,J.P.,
Lizbeth González
Martin Shulman
Bahaati E. Pitt-Burke
Kelly O'Neill Levy, JJ.

Motion No. 2024-00416 Case No. 2024-00536 

[*1]In the Matter of Jeffrey M. Rosin (Admitted as Jeffrey Mark Rosin), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jeffrey M. Rosin (OCA ATTY. REG. NO. 3026952), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jeffrey M. Rosin, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 31, 2000.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Christopher S. Ronk, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Jeffrey M. Rosin was admitted to the practice of law in the State of New York by the First Judicial Department on January 31, 2000, under the name Jeffrey Mark Rosin. Though respondent maintains a registered address in Massachusetts, this Court has continuing jurisdiction over him as the admitting Judicial Department (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]).
The material facts underlying this disciplinary matter are undisputed as respondent, represented by counsel, entered into a June 12, 2023 stipulation with the Massachusetts Bar Counsel admitting to deposition-related misconduct and consenting to a public reprimand.
Respondent represented a defendant in a civil action brought in the United States District Court for the District of Massachusetts. During his client's 2021 deposition, which took place remotely with respondent and his client in a conference room, both wearing face masks, respondent repeatedly muttered answers to questions posed to his client by opposing counsel. Respondent's client repeated the same or substantially the same answers. Several hours into the deposition, opposing counsel first overheard respondent provide an answer to the client, which the client repeated. Confronted by opposing counsel, respondent denied that he had given an answer to his client. When opposing counsel later reviewed the video of the deposition, he noticed several dozen instances of respondent surreptitiously providing his client with answers.
Opposing counsel moved for sanctions in the district court. At the sanctions hearing, respondent acknowledged coaching his client and blamed his conduct on frustration with opposing counsel's examination, which he described as unnecessarily intrusive into sensitive topics with limited relevance to the case. In addition, he stated that he was concerned about his client's well-being as she suffered from health challenges and had been anxious about the deposition.
The district court judge who conducted an initial screening of the alleged misconduct for possible referral to the District of Massachusetts disciplinary process granted the sanctions motion in part and denied it in part. The court noted that respondent had acknowledged that his conduct was unacceptable and took responsibility for becoming too emotionally invested in the case. Nevertheless, the court noted that respondent had taken advantage of the remote proceeding and [*2]his interruptions did not constitute a momentary and isolated incident or a single lapse in judgment. Among other penalties, the court disqualified respondent from further participation in the litigation. The court denied the motion insofar as it sought more extreme sanctions, such as dismissal of respondent's client's case or imposing an adverse inference on the client's testimony, noting that the wrongdoing was primarily that of respondent, not his client. The court referred the matter to the presiding judge of the district court for further proceedings.
Respondent paid opposing counsel's legal fees of approximately $22,000 in connection with the sanctions motion. In addition, he and his firm gave up their fee of approximately $65,000, and respondent spent additional uncompensated time bringing on substitute counsel.
Based on the district judge's referral, a presiding judge conducted a de novo review and held a hearing to determine whether discipline would be imposed. Said presiding judge concluded that respondent had violated Massachusetts Rule of Professional Conduct (RPC) 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists), which applies to actions in the district of Massachusetts under its Local Rule 83.6.1(d). Specifically, the presiding judge concluded that respondent had violated Rule 30(d)(2) of the Federal Rules of Civil Procedure, which permits sanctions against a lawyer who "impedes, delays, or frustrates the fair examination of [a] deponent." In addition, the presiding judge concluded that respondent's conduct also violated Massachusetts RPC 8.4(h) (forbidding "other conduct that adversely reflects on his or her fitness to practice law").
The presiding judge referred respondent to Lawyers Concerned for Lawyers for the purpose of learning to "manage emotions and judgment in the face of adversity." He concluded that respondent had "suffered several consequences for his misconduct" and noted that the case had received widespread publicity, which he assumed had a deleterious impact on respondent's professional standing and his personal well-being.
The district court did not refer respondent to Massachusetts disciplinary authorities, but Massachusetts Bar Counsel learned of respondent's conduct from media reports and brought charges against respondent based on those reports. As noted, the parties entered into a stipulation in which respondent admitted the charges. Specifically, respondent admitted that his actions violated Massachusetts RPC rules 3.4(a) (prohibiting a lawyer from "unlawfully obstruct[ing] another party's access to evidence . . . or assist[ing] another person to do any such act"), 3.4(c), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(h). The parties agreed that a public reprimand was the appropriate sanction for respondent's misconduct.
By October 10, 2023 decision, the Massachusetts [*3]Board of Bar Overseers of the Supreme Judicial Court approved the parties' stipulation. The Board noted that the case was unprecedented and that there was "no prior disciplinary case in Massachusetts based solely on a lawyer coaching a witness during a deposition" but that "[c]ases involving discovery violations generally have resulted in public reprimands." The Board stated, in part, "Based on the unique facts of the case, we will impose a public reprimand, acceding to the parties' stipulation. Among the factors are the respondent's immediate and candid acknowledgement of his misconduct, his remorse, his motivation to protect a vulnerable client, and the abusive and uncivil nature of opposing counsel's questions. We also recognize that the misconduct was not premeditated but arose in the moment as an emotional (albeit inappropriate) aspiration to protect his client. We emphasize these circumstances to alert the bar that future cases of deposition misconduct, and all forms of discovery abuse, may not be viewed as indulgently as this case."
By November 6, 2023 order, the Massachusetts Board of Bar Overseers publicly reprimanded respondent in accordance with the stipulation.
The Attorney Grievance Committee (AGC) now moves for an order, in accordance with Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in Massachusetts, and publicly censuring him, or, in the alternative, sanctioning respondent as this Court deems appropriate.
In a proceeding seeking reciprocal discipline under 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
The AGC argues that respondent "cannot avail himself of any of these defenses" because he "was given proper notice and had an opportunity to be heard in the Massachusetts proceedings brought by the Board, to which he did not object, and to whose allegations of professional misconduct he stipulated." Further, the AGC notes, "as is clear from the Board's order, there was ample and uncontroverted evidence of respondent's misconduct in the underlying federal court proceedings to which respondent stipulated." Finally, the misconduct for which respondent was disciplined in Massachusetts would also constitute misconduct in New York. As to the appropriate sanction, the AGC maintains that respondent's reciprocal censure is warranted.
Respondent was served with the motion by mail and email with his consent, but he has not submitted [*4]a response.
Respondent has not appeared and asserted any of the enumerated defenses. In any event, none are available to him as he received notice of the charges against him and, represented by counsel, waived his right to a hearing and chose to admit them, and consented to the discipline imposed; the record sufficiently supports the Massachusetts Board of Bar Overseers' misconduct findings; and respondent's misconduct in Massachusetts would also constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(f)(3), 3.4(c), 3.4(d)(2), 8.4(d), and 8.4(h). Therefore, the imposition of reciprocal discipline is appropriate here (22 NYCRR 1240.13[c]).
This Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; see Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
Here a public censure is the appropriate reciprocal discipline as it is commensurate with the public reprimand imposed by Massachusetts and in general accord with this Court's precedent involving arguably comparable misconduct (see e.g. Matter of Hart, 118 AD3d 13 [1st Dept 2014] [censure for, among other things, engaging in misrepresentation to obtain the name of company representative to depose]; Matter of Winiarsky, 104 AD3d 1 [1st Dept 2012] [censure for, among other things, discovery related misconduct involving taking depositions of nonparty witnesses in violation of CPLR 408 and misleading opposing counsel]; Matter of Schiff, 190 AD2d 293 [1st Dept 1993] [censure for abusive and vulgar conduct directed at opposing counsel during a deposition]).
Accordingly, the AGC's motion should be granted. Respondent is publicly censured.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR § 1240.13, predicated upon similar discipline imposed by the Massachusetts Board of Bar Overseers of the Supreme Judicial Court is granted, and
It is further ordered that respondent, Jeffrey M. Rosin, admitted as Jeffrey Mark Rosin, is publicly censured for the underlying misconduct.
Entered: June 11, 2024