Matter of Dahiya (2024 NY Slip Op 03461)

Matter of Dahiya

2024 NY Slip Op 03461

Decided on June 25, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Jeffrey K. Oing,J.P.,
Lizbeth González
Martin Shulman
Bahaati E. Pitt-Burke
Kelly O'Neill Levy, JJ.

Motion No. 2023-05545, 2024-00501 Case No. 2022-02650 

[*1]In the Matter of Karamvir Dahiya, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Karamvir Dahiya (OCA ATTY. REG. NO. 2981629), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Karamvir Dahiya, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 16, 1999.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Naomi F. Goldstein, of counsel), for petitioner.
Michael S. Ross for respondent.

PER CURIAM.

Respondent, Karamvir Dahiya, was admitted to the practice of law in the State of New York by the First Judicial Department on March 16, 1999. At all relevant times, he maintained an office for the practice of law within the First Judicial Department.
In June 2022, the Attorney Grievance Committee (Committee) filed a petition of 17 charges alleging that respondent had committed professional misconduct in connection with six separate matters over an approximate 13-year period in violation of the Rules of Professional Conduct (22 NYCRR 1200.0). The charges alleged, inter alia, that respondent disregarded the rulings of a tribunal, engaged in frivolous litigation, engaged in conduct prejudicial to the administration of justice, failed to provide competent representation, engaged in undignified or discourteous conduct before a tribunal, and engaged in conduct that adversely reflects on his fitness to practice law, in violation of rules 1.1(a), 3.1(b)(1), 3.1(b)(2), 3.3(f)(2), 3.4(c), 8.4(d), and 8.4(h). Respondent denied all charges.
The Referee appointed by this Court conducted a hearing on the charges and issued a report sustaining charges 1, 2, 3, 4, 9, 11, 12, 13, 14, 15 and 17. The Committee withdrew charges 8 and 16 and the Referee dismissed the remaining charges. The Referee recommended that respondent be publicly censured.
The Committee now moves for an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(b) and the Rules of the Appellate Division, First Department (22 NYCRR) § 603.8-a(t), confirming the Referee's findings on all charges, disaffirming the Referee's findings insofar as he dismissed charge 10 and recommended the sanction of public censure, and instead imposing a three-month suspension. Respondent opposes and cross-moves to confirm the Referee's findings as to the four dismissed charges (charges 5, 6, 7, and 10) and disaffirm as to the 11 sustained charges and the recommendation of public censure. Should discipline be imposed, respondent requests that it be limited to a private admonition.
The Referee correctly sustained charges 1, 2, 3, 4, 9, 11, 12, 13, 14, 15 and 17 and dismissed charge 10.[FN1] Charges 1 through 3 pertain to a 2010 bankruptcy matter in which respondent filed a submission wherein he represented that he had not been paid any legal fees and that he was owed $15,000 for his services, then inconsistently stated that he [*2]had been paid an initial retainer of $15,000. Respondent later conceded that he applied the $15,000 to his legal fee without the bankruptcy court's permission in violation of the bankruptcy court's previously issued retention order and applicable law.
The Referee found respondent evasive and his testimony inconsistent and noted that respondent refused to disclose when he received the retainer, the person who gave it to him, and the dates he drew down on it. When given an opportunity to submit a supplemental disclosure statement, respondent failed to do so. The Referee correctly concluded that such conduct violated rules 3.4(c) (disregard of a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding) and 8.4(d) (conduct prejudicial to the administration of justice).
Charge 4 concerns a 2012 bankruptcy matter wherein respondent submitted two untimely submissions, including an answer interposing counterclaims against the bankruptcy trustee. The bankruptcy court granted the trustee's motion for sanctions against respondent. The Referee found that respondent's misconduct was limited to his admittedly filing two late responses and correctly found that such misconduct violated rule 3.4(c).
Charge 9 concerned respondent's failure to respond to a sanctions motion brought against his client and to appear at the motion hearing. The bankruptcy court granted the sanctions motion and ordered respondent to submit a response with any objections addressing damages only. Respondent disregarded that order by addressing the merits. The court dismissed the objections as untimely and noted that they were "borderline sanctionable." Thus, the Referee sustained charge 9, finding that respondent's submission of the affirmation violated rule 3.4(c).
Charges 10 and 11 involve two separate instances of discourteous conduct before the bankruptcy court. In one case, respondent accused the trustee of engaging in extortion. The bankruptcy court denied the trustee's ensuing motion for sanctions, observing that respondent's statements were "more accurately viewed as rhetorical flourish [rather] than [] knowing and material statements that were false." On this basis, the Referee correctly found that the statements did not violate rule 3.3(f)(2) (engaging in undignified or discourteous conduct before a tribunal) and dismissed charge 10.
In the second case, respondent accused the same trustee of discriminatory conduct against his client. Although the bankruptcy court denied the trustee's motion for sanctions, it opined that respondent's "ad hominem attacks [were] unsubstantiated" and "completely out of line." On this basis, the Referee correctly sustained charge 11, finding that respondent "used intemperate language including ad hominem attacks directed to the Trustee and engaged in discourteous and undignified conduct" in violation of rule 3.3(f)(2).
Charges 12, 13, 14, 15 and 17 concern respondent's representation of a corporate entity and its principal[*3], who had previously filed for bankruptcy. Despite the court finding that the automatic bankruptcy stay did not apply to the corporate defendant, respondent repeatedly argued to the contrary without appealing the ruling. Subsequently, when respondent was unable to confirm that he had authority from the trustee for the principal's bankruptcy estate to represent the corporation, the court directed respondent to file a notice of substitution, move to withdraw, or to submit an affidavit attesting to his authority to represent the entity. The court granted respondent's ensuing motion to withdraw as counsel and sanctioned him $2,500, finding that his conduct had been "design[ed] [] to delay the case and to obfuscate orderly proceedings."
Based on this conduct, the Referee correctly found that respondent had engaged in frivolous litigation in violation of rules 3.1(b)(1) (putting forth non-meritorious claims), 3.1(b)(2) (conduct undertaken to delay proceedings), and 8.4(d) (conduct prejudicial to the administration of justice), failed to provide his client with competent representation in violation of rule 1.1(a), and engaged in conduct that violated rule 8.4(h) (engaging in any other conduct that adversely reflects on the lawyer's fitness as a lawyer). The Referee properly sustained charges 12, 13, 14, 15 and 17.
On this record public censure is not a proper sanction. This Court has previously imposed a sanction of public censure for similar behavior where the respondent demonstrated genuine remorse and sincerely apologized (see Matter of Delio, 290 AD2d 61 [1st Dept 2001]; Matter of Schiff, 190 AD2d 293 [1st Dept 1993]).
As to the sustained charges, respondent failed to credibly demonstrate any remorse. Rather, respondent's remorse was limited to himself with no apologies to those affected by his misconduct. He also inconsistently apologized for disregarding court rulings only to testify seconds later that his legal arguments should have been accepted.
Some mitigating factors can be gleaned from the record, including respondent's absence of prior discipline, the absence of allegations that he stole or converted client funds, his significant pro bono work on behalf of indigent clients, and his extensive charitable work and contributions. Respondent also maintains that his conduct was aberrational and out of character.
Nevertheless, public censure is not a proper sanction because the substantial aggravating factors outweigh the mitigating factors, most significantly, respondent's failure to express genuine remorse and his failure to apologize to the trustee who was the target of his ad hominem attacks. The record favors a three-month suspension as opposed to a censure as respondent's unwarranted disparagement of the bankruptcy trustees is arguably comparable to the misconduct of the respondent in Matter of Giorgini (166 AD3d 43 [1st Dept 2018], lv dismissed in part and denied in part 32 NY3d 1134 [2019]), wherein a three-month suspension was imposed for [*4]submitting affirmations in two separate matters disparaging the court and accusing it of political bias and corruption. Like respondent, the respondent in Giorgini failed to heed warnings from the court to curb his disrespectful behavior and failed to express genuine remorse.
Other instances of disrespectful conduct have resulted in suspensions of three to six months (see Matter of Denenberg, 192 AD3d 76 [1st Dept 2020]; Matter of Bailey, 171 AD3d 184[1st Dept 2019]; Matter of Teague, 131 AD3d 268 [1st Dept 2015], appeal dismissed 26 NY3d 959 [2015], lv denied 26 NY3d 912 [2015]; Matter of Kahn, 16 AD3d 7 [1st Dept 2005]). While respondent's conduct did not involve profanity or racial or sexist statements, respondent's disrespectful conduct toward the bankruptcy trustees was part of a 13-year pattern of persistent misbehavior which included repeated failures to comply with court orders and frivolous litigation for which the court imposed sanctions. The repeated nature of respondent's misconduct taken in conjunction with his lack of remorse and evasiveness in his hearing testimony militate against the Referee's recommendation of censure in favor of a three-month suspension.
Accordingly, the Committee's motion should be granted to the extent of confirming the Referee's report insofar as it sustained charges 1, 2, 3, 4, 9, 11, 12, 13, 14, 15, and 17, and disaffirming the recommended sanction of a public censure. Respondent's cross-motion should be granted to the extent of confirming the Referee's report as to the four charges (charges 5, 6, 7, and 10) not sustained and respondent is suspended from the practice of law in the State of New York for a period of three months, and until further order of this court. Any conditions regarding respondent's reinstatement are to be addressed at the time respondent applies.
All concur.
It is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department, pursuant to 22 NYCRR 1240.8(b) and 22 NYCRR 603.8-a(t), to confirm in part and disaffirm in part the Referee's report with respect to respondent Karamvir Dahiya, is granted to the extent of confirming the Referee's report insofar as it sustained the charges in the petition numbered 1, 2, 3, 4, 9, 11, 12, 13, 14, 15 and 17, and disaffirming the recommended sanction of public censure, and respondent Karamvir Dahiya is suspended from the practice of law in the State of New York for a period of three months, effective July 25, 2024, and until further order of this court, and the motion is denied to the extent it seeks to disaffirm the Referee's dismissal of charge 10, and
It is further Ordered that respondent's cross-motion is granted to the extent of confirming the Referee's report insofar as it did not sustain the charges in the petition numbered 5, 6, 7 and 10, and is otherwise denied, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Karamvir Dahiya is commanded to desist [*5]and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Karamvir Dahiya shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Karamvir Dahiya has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: June 25, 2024

Footnotes

Footnote 1: The Committee does not challenge the Referee's dismissal of charges 5, 6 and 7.